# In the United States Court of Federal Claims

(Pro Se)

| | |
|---|---|
| CAMERON ELLIS,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | No. 19-1489C<br>(Filed: February 19, 2020) |

**OPINION AND ORDER**

**KAPLAN, Judge.**

Plaintiff Cameron Ellis, proceeding pro se, brings this action seeking compensation for the value of a backpack that was lost or stolen while in the care of the United States Postal Service. Compl. at 2, Docket No. 1. He contends that the Postal Service negligently failed to take the steps necessary to retrieve his backpack and that it breached a contract in which it agreed to intercept and return the backpack to him before it was delivered to the addressee.

Presently before the Court is the government's motion to dismiss pursuant to Rule 12(b)(1) or, in the alternative, 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC"). Def.'s Mot. to Dismiss at 1, Docket No. 8. For the reasons that follow, the government's motion to dismiss for lack of subject-matter jurisdiction is **GRANTED** and Plaintiff's complaint is **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

**BACKGROUND**[1]

Mr. Ellis alleges that on or about June 11, 2018, he went to the post office in Belmont, Massachusetts and sent a new Gucci backpack to Los Angeles, California through the United States mail. Compl. at 2. After he shipped the backpack, but before it was delivered, Mr. Ellis purchased "an intercept" from the post office. Id. The Postal Service offers Package Intercept services to customers that authorize the redirection and recovery of mail with a tracking barcode.

[1] The facts set forth in this Opinion are based on the allegations in the complaint and in Mr. Ellis's pleadings, which are undisputed, and which the Court accepts as true for purposes of ruling on the government's motion.

Mailing Standards of the United States Postal Service, Domestic Mail Manual ("DMM") at 507.5.1.1.[2] "Interception of eligible mailpieces," however, "is not guaranteed." Id.

The post office confirmed Mr. Ellis's purchase of the intercept and informed him it had taken effect and that he would soon receive the backpack in the mail. Compl. at 2. Mr. Ellis, however, never received the backpack. Id. He reported the failure to return his backpack "to post office officials in Massachusetts and California," whom he alleges failed to "investigate[]" or to take "steps to locate and retrieve [his] backpack." Id. at 3. He further alleges that "[p]ost office records indicate that [his] backpack was wrongfully delivered, lost, or stolen on or about June 25, 2018." Id.

Mr. Ellis asserts that during the course of attempting to recover his backpack, postal service employees provided him advice and information that was unhelpful and, in some circumstances, also inaccurate. He was initially advised to "speak with a postal inspector in California." Id. His mother did so on his behalf and was told that the postal inspector would attempt to locate the package. Id. According to Mr. Ellis, the inspector also advised his mother that she should contact customer service officials for the post office in Boston. Id. Mr. Ellis's mother made that contact and had some back and forth with an official at the post office in Massachusetts, but the backpack was never found. Id.

A post office worker at a Massachusetts post office then advised Mr. Ellis to file a "complaint 'form 1000,'" which is used to make indemnity claims for insured mail, COD items, Registered Mail with postal insurance, or Priority Mail Express packages. See id.; DMM 609.1.5.2. Acting on the post office worker's advice, Mr. Ellis submitted such a claim "via certified mail to the Post Office Domestic Claims Department in Missouri," but his "claim and appeal were denied." Compl. at 3.

Mr. Ellis then brought suit against the United States in this court on September 26, 2019. Docket No. 1. The United States filed a motion to dismiss pursuant to RCFC 12(b)(1) and 12(b)(6) on December 16, 2019. Docket No. 8. Mr. Ellis filed his response on January 14, 2020, Docket No. 9, and the United States filed its reply on January 28, 2020, Docket No 10.

## DISCUSSION

The government, as noted, has filed a motion to dismiss for lack of subject-matter jurisdiction in accordance with RCFC 12(b)(1). When considering such a motion, the Court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The Court may, however, "inquire into jurisdictional facts" to determine whether it has jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991).

It is well-established that complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520

[2] The DMM (available at https://pe.usps.com/DMM300), is incorporated by reference into Postal Service Regulations pursuant to 39 C.F.R. § 111.1.

(1972). Nonetheless, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Harris v. United States, 113 Fed. Cl. 290, 292 (2013).

The Tucker Act provides that the Court of Federal Claims "shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). However, the Tucker Act—a jurisdictional statute—"does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 398 (1976). Thus, a plaintiff must identify a separate money-mandating source of substantive rights to establish the court's jurisdiction. See Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part).

Mr. Ellis's complaint, as noted, alleges that his backpack was lost or stolen as a result of the Postal Service's negligence. Specifically, he claims that "USPS officials negligently performed the intercept, and negligently and recklessly stated that the intercept was successful when it was not." Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") at 4, Docket No. 9. The Tucker Act, however, does not confer jurisdiction on the Court of Federal Claims to hear claims that sound in tort; to the contrary, it expressly withholds such jurisdiction. See 28 U.S.C. § 1491. To the extent, therefore, that Mr. Ellis alleges the Postal Service's negligence resulted in the loss of his backpack, his claim is not within this Court's jurisdiction. See Webber v. United States, 231 Ct. Cl. 1009, 1009 (1982) (stating that claims "base[d] upon delay in the receipt of mail or failure to deliver mail 'aris[e] in tort and not upon a contract'"); Moore v. U.S. Postal Serv. Emps., No. 10-65C, 2010 WL 2507797, at *2 (Fed. Cl. June 21, 2010) (dismissing claims that mail was prevented from reaching its destination because they were tort claims over which the Court of Federal Claims did not have jurisdiction); Nasker v. United States, 82 Fed. Cl. 319, 321 (2008) (dismissing complaint alleging claims arising from mishandling and damage to mail pursuant to RCFC 12(b)(1) for lack of subject-matter jurisdiction).[3]

Mr. Ellis also asserts a breach of contract claim in his complaint. Breaches of express or implied contracts with the United States are generally within this Court's Tucker Act jurisdiction. But Mr. Ellis cannot assert a contract claim against the United States based on the loss of his backpack because "[t]he United States is liable to the owners of lost or damaged mail only to the extent to which it has consented to be liable, and the extent of its liability is defined by the Postal Laws and Regulations." Marine Ins. Co. v. United States, 410 F.2d 764, 766 (Ct. Cl. 1969) (quoting Twentier v. United States, 109 F. Supp. 406, 408–09 (Ct. Cl. 1953)). "Public policy requires that the mails shall be carried subject to these regulations . . . and the liability of the Government in case of loss or damage is fixed by these regulations." Id.

The laws and regulations provide that "[i]n order to secure protection against loss or damage, it is necessary to use registered, insured, or c. o. d. mail." Twentier, 109 F. Supp. at 409; see also DMM at 609.1.1. ("A customer may file an indemnity claim for insured mail, COD

---

[3] The Court notes that because Mr. Ellis's negligence claim "aris[es] out of the loss, miscarriage, or negligent transmission of letters or postal matter" it appears to also not be within the jurisdiction of the district court under the Federal Tort Claims Act. 28 U.S.C. § 2680(b).

items, Registered Mail with postal insurance, or Priority Mail Express."). Mr. Ellis does not allege that he used one of these forms of mail to ship his backpack.

Mr. Ellis's claim based on his purchase of Package Intercept services does not fall within the scope of liability defined by the postal service rules and regulations. His allegation that an intercept "guarantees that a package will not be delivered to the addressee, and will be returned to the sender," is contrary to Post Service regulations. See Compl. at 2. The DMM, which is, as noted, incorporated into the regulations, expressly states that "[i]nterception of eligible mailpieces is not guaranteed." DMM at 507.5.1.1.

Finally, in his Opposition to the government's motion to dismiss, Mr. Ellis contends that:

> Defendant created a contract with Plaintiff by accepting Plaintiff's money for the intercept and stating, verbally and in the tracking order, that the intercept was successful, and when that information proved to be false, promising to initiate an investigation which never took place, and when that information proved to be false, telling Plaintiff the backpack had been recovered and that there was no need to file a complaint, and when that information proved to be false, telling Plaintiff the backpack had probably been stolen by a USPS employee, and that he should file a claim with the USPS, which was hopeless, and ultimately denied.

Pl.'s Opp'n at 3–4. According to Mr. Ellis, "[h]ad these false representations not been made, [he] could have reached out to law enforcement sources or sought assistance of others, in an attempt to recover his backpack." Id. at 4.

The Court is sympathetic to Mr. Ellis. The events he describes cannot be considered to represent the Postal Service's finest hour. It is also unfortunate that he did not protect himself by purchasing insurance or using one of the methods of mailing for which he would have been indemnified against loss. But to the extent that Mr. Ellis's allegations of detrimental reliance state a claim at all, the claim is one based on promissory estoppel. Such a claim "arises when a promisor makes 'a promise [that] the promisor should reasonably [have] expect[ed] to induce action or forbearance on the part of the promisee . . . and which d[id] induce such action or forbearance.'" XP Vehicles, Inc. v. United States, 121 Fed. Cl. 770, 782 (2015) (quoting Restatement (Second) of Contracts § 90(1) (2012)); see also Steinberg v. United States, 90 Fed. Cl. 435, 443 (2009) (stating that to succeed on a promissory estoppel claim, a party must prove: "first, that there was a promise or representation made"; "second, that the promise or representation was relied upon by the party asserting the estoppel in such a manner as to change his position for the worse"; and "third, that the promisee's reliance was reasonable and should have been reasonably expected by the promisor."). Claims based on promissory estoppel rely upon the existence of a contract that is implied in law, not one implied in fact. See Lawndale Restoration P'ship ex rel. Boulevard Realty Servs. Corp. v. United States, 95 Fed. Cl. 498, 506 (2010); Steinberg, 90 Fed. Cl. at 443. And although the Tucker Act grants this Court jurisdiction over claims arising under "implied contract[s]," "the Supreme Court has long held that the scope of the Tucker Act's waiver of sovereign immunity 'extends only to contracts either express or implied in fact, and not to claims on contracts implied in law.'" Lumbermens Mut. Cas. Co. v. United States, 654 F.3d 1305, 1316 (Fed. Cir. 2011) (quoting Hercules Inc. v. United States, 516 U.S. 417, 423 (1996). For that reason as well, the Court lacks jurisdiction over Mr. Ellis's claims

based on representations made to him by Postal Service personnel regarding the retrieval of his backpack.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss is **GRANTED** and the complaint is **DISMISSED without prejudice** for lack of subject-matter jurisdiction. The Clerk is directed to enter judgment accordingly. Each side shall bear its own costs.

**IT IS SO ORDERED.**

ELAINE D. KAPLAN
Judge